[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence: 21 December 1994 Date of Application: 21 December 1994 Date Application Filed: 27 December 1994 Date of Decision: 28 June 1994
Application for review of sentence imposed by the Superior court, Judicial District of New Haven at Meriden. Docket No. 7-154103.
Mark Buebendorf, Esq., For the Petitioner.
Robert O'Brien, Esq., For the State of Conn.
BY THE DIVISION
The petitioner pled guilty to Possession of Heroin With Intent to Sell in violation of Conn. Gen. Stat. § 21a-277a, and a Violation of Probation in violation of Conn. Gen. Stat. § 53a-32. The court imposed a sentence of ten years execution suspended after five years to serve on the possession count and one year concurrent on the violation of probation count. The total effective sentence was ten years suspended after five years to serve.
The record shows that while the petitioner was on probation for the sale of cocaine, she sold heroin to an undercover officer in the Meriden police department. CT Page 7607
At the hearing before the panel, counsel for the petitioner admitted the crime the petitioner pled to was a very serious crime. He noted that the petitioner does not have an extensive criminal record and that the petitioner's mother is in jail for a similar crime. Counsel attempted to distinguish the petitioner's crime from more violent offenses noting that the present crime was not one of physical resistance or violence. Counsel proposed that the panel reduce the petitioner's sentence to include an alternative incarceration component. He asked this panel to amend the sentence to three years to serve with a AIC job component that would include 100 hours of community service.
The petitioner, when she addressed the panel, indicated that she was sorry for her past conduct.
The attorney for the State asked this panel to affirm the court's sentence.
In reviewing the remarks of the sentencing judge, the court noted the egregious fact that while on probation the petitioner committed a similar crime.
This panel concludes that the sentence imposed complies with P.S. 942. There is nothing inappropriate nor unproportionate about the sentence considering the nature of the crime, the character of the petitioner, and the duty of the court to protect society. SENTENCE AFFIRMED.
Norko, J.
Purtill, J.
Stanley, J.
Norko, J., Purtill, J. and Stanley, J. participate in this decision.